THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BENJAMIN PONCE BALDIVINO III, | CASE NO. C20-0025-JCC |
| Petitioner, | ORDER |
| v. | |
| JEFFREY A. UTTECHT, | |
| Respondent. | |

This matter comes before the Court on Petitioner's objections (Dkt. No. 7) to the report and recommendation of the Honorable Michelle L. Peterson, United States Magistrate Judge (Dkt. No. 4). Petitioner seeks relief under 28 U.S.C. § 2254 from a judgment and sentence of the King County Superior Court. (Dkt. No. 3 at 1.) Judge Peterson recommends that the Court dismiss Petitioner's *habeas* petition because he has not exhausted the remedies available to him in state court. (Dkt. No. 4 at 2.) Petitioner objects, arguing that he does not need to exhaust his federal constitutional claims in state court because state courts lack subject matter jurisdiction to hear such claims. (*See* Dkt. No. 7 at 3–5.)

Petitioner is mistaken. "Federal law is enforceable in state courts . . . because the Constitution and laws passed pursuant to it are as much laws in the States as laws passed by the state legislature." *Howlett v. Rose*, 496 U.S. 356, 367 (1990). Consequently, state courts have the power—and the obligation—to hear federal constitutional claims and enforce federal law. *Felder*

*v. Casey*, 487 U.S. 131, 150–51 (1988). A state court's obligation to enforce federal law does not, as Petitioner suggests, create a "conflict of interest" with its obligation to enforce state law. (*See* Dkt. No. 7 at 4.) Under the Supremacy Clause, a state court is "bound by oath or affirmation" to resolve that conflict in favor of federal law. U.S. Const. art. VI. State courts take this oath seriously, and Congress trusts that they will faithfully execute their constitutional duties. Congress therefore requires inmates to give state courts "an 'initial opportunity to pass upon and correct' alleged violations of . . . prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (quoting *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971)). Petitioner did not comply with this requirement because he never presented any of his federal *habeas* claims to the state courts for review. (*See* Dkt. No. 3 at 5–12.) Accordingly, the Court OVERRULES Petitioner's objections (Dkt. No. 7), ADOPTS Judge Peterson's report and recommendation (Dkt. No. 4), DISMISSES Petitioner's *habeas* petition without prejudice, and DENIES Petitioner a certificate of appealability.

DATED this 23rd day of March 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE